TANTUM vs. COLEMAN and others.

1. To a suit brought by a married woman for relief in respect of her separate estate, her husband is not a necessary or proper party complainant with her.

2. No equity exists in favor of a grantee of a tenant for life, who, with her husband, had made conveyance of a parcel of land to which her infant children had title as tenants in remainder, against the infants, by reason of assertions made to such grantee by the tenant for life and her husband, that they had expended the money received for such land in making improvements on the farm of the husband,. and that such expenditure would be of more advantage to the children than the land so sold, and that they would inform the children of the use of the purchase money, and satisfy them by giving them the farm, and that the children would never interfere with the grantee or those claiming under him, in the title to the property.

3. An estoppel would arise,. under such circumstances, only by the ratification of the conveyance by the infants after attaining majority.

4. To estop an infant from claiming title to land vested in him in remainder, but sold by his parent, the money received from the sale must have been again invested for the infant's benefit, and he, with knowledge of the facts, after becoming of age, must have taken the benefit of the property thus substituted.

On bill, demurrer, and plea.

*Mr. S. D. Dillaye,* for complainant.

*Mr. J. S. Aitkin,* for defendant.

THE CHANCELLOR.

The bill is filed by Margaret Tantum, who claims to be the grantee of Elizabeth Harding, of a lot of land in the city of Trenton. Mrs. Harding obtained her title from the heirs of one Whitaker, and Whitaker obtained his title to the property from Aaron Coleman and Alice E., his wife. The object and purpose of the bill are to restrain the children of Coleman, two of whom are minors, from claiming title to the lot of land above mentioned, on the ground of an equity claimed to exist in favor of the complainant, as against them, from the following circumstances and considerations, as alleged in the bill : The conveyance of the lot from Aaron Coleman and his wife to Whitaker was made on the 2d of March, 1857, and was in fee simple. The deed contained the usual full covenants, including warranty general. Soon afterwards it was discovered that all the title Coleman and his wife had to the property was the life estate of the latter, devised to her by her father, with remainder in fee to her children. Whitaker then called on Coleman and his wife, and complained of the defect in the title, and demanded a return of the purchase money he had paid. They stated that they had expended the money in paying charges and making improvements on the farm owned by Coleman, on which they lived ; and that the money thus expended would be of more advantage to the children than the lot, which was unproductive, the building thereon being in a state of dilapidation ; and that they would

inform their children of the use which had been made of the purchase money received for the property ; and assured Whitaker that they would satisfy the children in the premises, by giving them the farm, and that the children would never interfere with him and those who might claim under him, in his or their title to the property. Whitaker's heirs conveyed to Mrs. Harding, in fee, March 30th, 1864. She improved the property at an expense of several hundred dollars ; but, before doing so, went to Coleman and his wife to inquire about the title, and they gave her the same assurances which they had given to Whitaker. Mrs. Harding and her husband conveyed the property in fee to the complainant, on the 30th of August, 1872. Coleman and his wife are both dead. The former died in or about January, 1866, and the latter in January, 1868. Their children are Daniel H. Coleman, Samuel N. Coleman, and Stephen H. Coleman. Daniel is of age ; the other two are minors. The bill alleges that Daniel caused proceedings in partition to be instituted, which resulted in a sale of the farm above mentioned, of which his father died seized, and that he received one-third of the net proceeds of the sale of that property under those proceedings ; and that he has also received his distributive share of his father's personal property. The guardian of the other children has in hand their shares of their father's estate. Daniel brought an action of ejectment to recover his share of the lot conveyed to Whitaker, and recovered judgment. The complainant had no notice of the suit, the premises having been, at the commencement thereof, in possession of a tenant who held under a lease from Mrs. Harding. The guardian filed a general demurrer ; and Daniel filed a general demurrer, and a plea that the complainant, before and at the time of exhibiting the bill, and at the time of filing the plea, was under coverture of one Jerome Tantum, her husband, who is still living, and in every respect capable, if necessary, of instituting any suit at law or in equity in this state, in her behalf. Under the demurrers, various questions were raised.

The plea is bad, and will be overruled, with costs. The

suit is brought for the relief of the complainant in respect of her separate estate. Her husband is not a necessary, nor a proper party complainant with her. As to the demurrer, the relief sought by the bill is based on the promise and assurance made and given by Aaron Coleman and his wife to Whitaker and Mrs. Harding. At the time of the promise to Whitaker, Daniel was about six years old, Stephen was about a year old, and Samuel was not yet born. At the time of the promise to Mrs. Harding, Daniel was thirteen years old, Stephen about six, and Samuel about four years of age. The bill does not allege that the purchase money ($900) received from Whitaker was, in fact, expended by Aaron Coleman in removing charges and making improvements on his farm, but that Coleman and his wife said that it had been so spent. But if it had so stated, the complainant would still have had no claim to relief. Coleman and his wife had pretended to convey title in fee, when, in fact, they had only an estate for the life of the wife. When reproached for it they gave a verbal assurance that their children, who were entitled to the remainder in fee, would not disturb the grantee, or those who claim under him. The complainant insists that, from this assurance and the statement of Coleman and his wife as to the use which they had made of the purchase money received from Whitaker, an equity has arisen in her favor, as against the children, and that the latter are estopped by the act of their parents, and, in equity, must abandon their claim to the lot, or compensate the complainant, out of their father's estate, for the purchase money of the lot, and the improvements put on the property by Mrs. Harding. The complainant's counsel puts the case on the ground that, by the conveyance to Whitaker, and the receipt of the purchase money for the fee, and the expenditure of that money in removing charges upon and improving the farm owned by Aaron Coleman, there was a substitution of the increased value of the farm, by reason of such expenditure, for the value of the remainder in fee of the lot. The case does not present the features requisite to relief on that ground. As

before remarked, it does not even appear by the bill that the money received from Whitaker was expended on the father's farm, except, as the bill alleges, that he said so.   There was no purchase of property for the benefit of the infants instead of the land which their parents had undertaken to sell and convey in fee, and in ratification of the act of their parents, from which an estoppel might arise.   In all the cases cited by complainant's counsel, relief was granted on the ground of ratification, by the infant, of the act of the parent or guardian, after the infant had attained to his majority.   In those cases the money received for the sale of the infant's interest had been again invested for his benefit, and he, with knowledge of the facts, after becoming of age, took the benefit of the property thus substituted.   On the theory on which this bill is filed, the individual property of infants would be quite at the mercy of their parents.

The complainant is not entitled to relief on the ground that she had no notice of the action of ejectment which was brought against the tenants in possession.   The bill is not multifarious.   It has but a single object.   I deem it unnecessary to consider the other objections made to it.

The demurrer will be sustained, with costs.